IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMAR RAMON DORSEY,** | : | |
| | : | |
| Petitioner | : | **CIVIL NO. 1:CV-05-1259** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **RONNIE R. HOLT,** | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

### I. Introduction

Petitioner, Jamar Ramon Dorsey, an inmate at Schuylkill Federal Correctional Institution in Minersville, Pennsylvania, commenced this action with a *pro se* petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. The sole issue for determination is whether the Federal Bureau of Prisons ("BOP") of the United States Department of Justice has correctly calculated Petitioner's period of incarceration on his federal conviction. The issue has been briefed by both parties, and the matter is ripe for disposition. For the reasons that follow, the petition will be denied.

## II.     Background

The facts of the case are undisputed.  On November 4, 1996, Petitioner was sentenced to a term of imprisonment of two to ten years in the Allegheny County Court of Common Pleas in Pittsburgh, Pennsylvania.  At sentencing, the court ordered that Petitioner receive credit for the period of September 1, 1994, through November 4, 1996, even though Petitioner had not been taken into state custody until September 23, 1994.

On November 20, 1996, Petitioner was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum.  Petitioner was returned to state custody later that day.  Subsequently, on May 12, 1997, Petitioner was returned to federal custody pursuant to a federal writ of habeas corpus ad prosequendum where he remained until August 11, 1997, when he was sentenced on federal charges in the United States District Court for the Western District of Pennsylvania.  On that date, Petitioner pled guilty to racketeering, a weapons charge, and conspiracy to distribute, and possession with intent to distribute, 50 grams of cocaine base.  As a result of the plea, Petitioner was sentenced to a term of imprisonment of 171 months, to be served concurrently with his state sentence.  The sentencing judge specifically stated that "[t]he court has considered and separately calculated the sentence of 171 months

pursuant to [United States Sentencing Guidelines] § 5G1.3(b) because the Court has determined that the state sentence is for conduct also charged in the superseding indictment." (Doc. 9-2 at 15.) Thereafter, Petitioner was returned to state custody to complete his state sentence.

When Petitioner was released from state custody, he was taken into custody to complete his federal sentence. The BOP first calculated Petitioner's term of federal incarceration, granting credit on his sentence from September 23, 1994 through November 3, 1996,[1] to account for his pre-sentence incarceration by state authorities. The initial calculation resulted in a projected release date of November 28, 2007. Subsequently, the BOP recalculated Petitioner's term, eliminating the pre-sentence credit for the state custody and using the date of the federal sentencing order as the federal sentence commencement date, resulting in a new projected release date of January 8, 2010. This recalculation is the basis for the instant petition. The BOP claims that the revised sentence calculation is correct, and the petition should be denied. Petitioner claims that he is entitled to credit from the BOP for time served on

---

[1] Although the state court used the period through November 4 to calculate the credit, the BOP initially used November 4 as the commencement date for the federal sentence calculation and thus used November 3, 2006 as the ending date for the credit period.

3

his pre-existing state sentence, including time served before the date of the federal sentencing order, in calculation of his subsequent federal sentence.

## III. Discussion

The proper vehicle for challenging the determination of sentence credit by the BOP is a petition for relief under 28 U.S.C. § 2241 in the district where the defendant is imprisoned.  *See United States v. Smith*, 101 F. Supp. 2d 332, 339 (M.D. Pa. 2000). Failure by the BOP to implement the sentence imposed by a sentencing court mandates habeas corpus relief under § 2241.  *See Rios v. Wiley*, 201 F.3d 257, 271 (3d Cir. 2000)[2]; *see also Gomori v. Arnold*, 533 F.2d 871, 874-75 (3d Cir. 1976) (holding that "where petitioner challenges the effect of events 'subsequent' to his sentence on that sentence, the habeas corpus remedy in 28 U.S.C. § 2241 is an appropriate remedy," rather than a motion pursuant to 28 U.S.C. § 2255).  Since Petitioner is alleging that the BOP has failed to follow a sentencing order, and he is currently detained in the Middle District of Pennsylvania, he is properly before this court.

---

[2] *Rios* was superseded by statute on unrelated grounds to the extent that the court applied a version of the United States Sentencing Guidelines § 5G1.3 prior to its amendment, effective November 1, 1995.  *See United States v. Saintville*, 218 F.3d 246, 247 (3d Cir. 2000).

4

Calculation of the term of imprisonment for Petitioner is made pursuant to the provisions of the Sentencing Reform Act of 1984 (the "Act"), 18 U.S.C. §§ 3551 *et seq.*, 28 U.S.C. §§ 991-998, and the Sentencing Guidelines ("U.S.S.G." or "Guidelines") promulgated pursuant to the Act.  To calculate a release date, the BOP first determines the commencement date of each sentence.  "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."  18 U.S.C. § 3584(a).  It is undisputed that Petitioner received a concurrent sentence from the federal court while he was serving his state court term.

Although § 3584 enables the sentencing court to award a concurrent sentence, that discretion is subject to the provisions of U.S.S.G. § 5G1.3.  *United States v. Dorsey*, 166 F.3d 558, 561-62 (3d Cir. 1999).  When a concurrent sentence is imposed, the sentencing court has authority to adjust the sentence to "to achieve some coordination of sentences [to] approximate the total penalty that would have been imposed had the sentences for the different offenses been imposed at the same time"

and "mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence." *Witte v. United States*, 515 U.S. 389, 404-05 (1995). In accordance with the Guidelines that were in effect at the time of the federal sentencing, when a court imposes a concurrent sentence under § 5G1.3(b), "the court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense if the court determines that period of imprisonment will not be credited to the federal sentence by the [BOP]." U.S.S.G. Manual § 5G1.3 cmt. n.2 (1995). However, the adjustment for time served on a pre-existing state sentence is to be granted by the sentencing judge, rather than as a credit to be awarded by the BOP. *Ruggiano v. Reish*, 307 F.3d 121, 132 (3d Cir. 2002).[3] Any confusion in this regard may be avoided if the sentencing court specifically states that it has made such an adjustment. *See id.* at 133.

The court finds that the federal sentencing court did so here; it complied with the requirements of § 5G1.3(b) and made the requisite adjustment at the time of sentencing. The federal court sentenced Petitioner to a term of 171 months to

---

[3] The subsequent history of *Ruggiano* indicates that portions of the Guidelines at issue were abrogated by new commentary contained in the Guidelines. *See United States v. Destio*, 153 F.App'x 888, 894 n.6 (3d Cir. 2005). However, the abrogation does not impact the principles from *Ruggiano* relied upon here.

6

"commence on [the sentencing date] and to run concurrently with any sentence [Petitioner] is currently serving for any conviction before the Courts of the Commonwealth of Pennsylvania." (Doc. 9-2 at 15.) The sentencing court also specifically stated that "the Court has considered and separately calculated the sentence of 171 months pursuant to U.S.S.G. § 5G1.3(b)" (Doc. 9, Ex. 2 at 8.) Accordingly, Petitioner received the appropriate adjustment from the sentencing court at the time of sentencing and the BOP's recalculation of Petitioner's sentence that eliminated the pre-sentence credit and resulted in a projected release date of January 8, 2010, was correct. Because the court finds that the BOP's sentence calculations are correct, the petition will be denied.

## IV.   Conclusion.

As set forth in the foregoing memorandum, the BOP's amended sentence calculation is correct and the petition will be denied. An appropriate order will issue.

                                           s/Sylvia H. Rambo  
                                           SYLVIA H. RAMBO  
                                           United States District Judge

Dated: August 7, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**JAMAR RAMON DORSEY,** :
:
    **Petitioner** : **CIVIL NO. 1:CV-05-1259**
:
**v.** : **(Judge Rambo)**
:
**RONNIE R. HOLT,** :
:
    **Respondent** :

# O R D E R

**AND NOW,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1) The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2) The Clerk of Court is directed to close this case.

                                    s/Sylvia H. Rambo
                                    SYLVIA H. RAMBO
                                    United States District Judge

Dated: August 7, 2006.